PATRICIA GIBBS
ALEXANDER LAGARDE

VERSUS

JEAN PAUL LAGARDE

*     NO. 2023-CA-0599

*     COURT OF APPEAL

*     FOURTH CIRCUIT

*     STATE OF LOUISIANA

*

*

* * * * * * *

**BROWN, J., CONCURS WITH REASONS.**

*PAB* I respectfully concur with the majority opinion. I write separately to highlight this Court's role on appellate review. "It is well-settled that '[w]hen the factual findings are based on the credibility of witness testimony, the appellate court must give great deference to the fact finder's decision to credit witness testimony.'" *Carrie v. Jones*, 21-0659, p. 12 (La. App. 4 Cir. 1/21/22), 334 So.3d 834, 843 (quoting *Watts v. Watts*, 08-0834, p. 2 (La. App. 4 Cir. 4/8/09), 10 So.3d 855, 857). "Even if an appellate court feels its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in testimony." *Id.* at p. 12, 334 So.3d at 843-44 (quoting *Guste Homes Resident Mgmt. Corp. v. Thomas*, 20-0110, p. 8 (La. App. 4 Cir. 7/29/20), 302 So.3d 1181, 1187). In the case *sub judice*, the district court gave oral reasons for judgment, stating that "[the court did] not find that Miss Lagarde met her abuse allegations as alleged in the Petition for Protection from Abuse by the preponderance of the evidence, coupled with parties['] testimony, the evidence and the testimony of Dr. Lawing." As such, and after a review of the record, I agree with the majority that the district court did not abuse its discretion in finding Mr. Lagarde's version of events to be more credible that than of Ms. Lagarde.